THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SUNFRESH FARMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 1:07-cv-166 |
| v. ) | |
| ) | |
| C.H. ROBINSON CO., D. VERDOORN, ) | |
| JOHN P. WIEHOFF, TROY A. RENNER, ) | |
| CHAD M. LINDBLOOM, THOMAS K. ) | |
| MAHLKE, TIMOTHY P. MANNING, ) | Chief District Judge Curtis L. Collier |
| LINDA U. FEUSS, JIM LEMKE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is plaintiff SunFresh Farms, Inc.'s ("Plaintiff's") motion to dismiss the counterclaim of defendants C.H. Robinson Co., D. Verdoorn, John P. Wiehoff, Troy A. Renner, Chad M. Lindbloom, Thomas K. Mahlke, Timothy P. Manning, Linda U. Feuss, Jim Lemke (collectively "Defendants") (Court File No. 11). Defendants have responded to Plaintiff's motion (Court File No. 14), and Plaintiff's have replied to Defendants' response (Court File No. 16). This matter is now ripe for decision, and for the following reasons the Court will **DENY** Plaintiff's motion to dismiss (Court File No. 11).

**I.     FACTS**

Plaintiff alleges Defendant failed to pay the full amount due under an invoice for a shipment

of strawberries. According to Plaintiff, Defendants[1] purchased from Plaintiff produce having an invoice value of $ 35,540.19 (Court File No. 1 ¶7). C.H. Robinson Co. then accepted each load of produce at Brock Farms in Plant City, Florida (Court File No. 1 ¶ 9), but C.H. Robinson Co. failed to pay the amount due on the invoice (Court File No. 1 ¶ 10).

Plaintiff claims these actions violated Defendants obligations to a trust established under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a-499t (Court File No. 1 ¶ 15-19). Plaintiff filed this case to enforce the PACA trust, and recover compensation for violation under PACA for failure to pay an account promptly (Court File No. 1 ¶¶ 20-23). Plaintiff filed a claim for breach of contract against C.H. Robinson, Co. (Court File No. 1 ¶¶ 24-29), and filed a claim against the other defendants for breach of their fiduciary duties to the PACA trust (Court File No. 1 ¶¶ 29-37).

Defendants substantially admit Plaintiff performed the contract related to strawberries, but argue they fully paid Plaintiff the amount owed (Court File No. 9 ¶ 14). Defendants claim Plaintiff previously sent a shipment of melons, which Defendants rejected because of the melon's poor quality (*id*. at 6). Due to an administrative error, Plaintiff was nonetheless paid for the melons (*id*.). Defendants paid only the amount due on the strawberries in excess of the erroneous payment for the melons (*id*. at 5). Defendants then counterclaimed for unjust enrichment and breach of contract (*id*. at 7).

Plaintiff then filed this motion to dismiss the counterclaims for lack of subject matter jurisdiction.

---

[1]Plaintiff alleges it sold the produce to "Defendants," but because it only alleges contract actions against C.H. Robinson Co. there does not appear to be any dispute that the actual purchasing party was C.H. Robinson Co.

## II. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may take the form of either a facial or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). Facial attacks challenge the sufficiency of the pleading itself. Factual attacks, on the other hand, challenge the factual existence of subject matter jurisdiction, irrespective of what is or might be alleged in the pleadings. *Id*. In this case, Plaintiff argues as a matter of law Defendants' counterclaim, even if true, is unsupported by any subject matter jurisdiction, and should therefore be dismissed. "On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id*. (*citing Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

## III. DISCUSSION

Defendants first argue their counterclaims for unjust enrichment and breach of contract are compulsory counterclaims (Court File No. 14 at 2). Plaintiff argues the counterclaims are not compulsory counterclaims because the counterclaims concern different contracts for different goods and involve additional entities not party to the present suit (Court File No. 12 at 3).

The settled law in the United States Court of Appeals for the Sixth Circuit is a compulsory counterclaim falls within a federal court's supplemental jurisdiction while a permissive counterclaim requires an independent basis for jurisdiction. *Maddox v. Kentucky Fin. Co., Inc.*, 736 F.2d 380, 383 (6th Cir. 1984). Defendants question the vitality of this rule after the passage of 28 U.S.C. § 1367, but the Court, for the reasons set out below, does not need to address this argument (Court File No. 14 at 5-6). Compulsory counterclaims arise from the same transaction or occurrence as a plaintiff's

claim. *See* Fed. R. Civ. P. 13(a)(1). Permissive counterclaims are all other counterclaims. *See* Fed. R. Civ. P. 13(b).

The Sixth Circuit applies a logical relationship test for determining whether a claim arises out of the same transaction or occurrence. *Sanders v. First Nat. Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991). "The words 'transaction or occurrence' are given a broad and liberal interpretation in order to avoid a multiplicity of suits." *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969). "Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. N.Y. Cotton Exchange*, 270 U.S. 593, 610 (1926).

In *Sanders*, the Sixth Circuit found the counterclaim would involve largely the same issues of fact and the same evidence as main claim. *Sanders*, 936 F.2d at 277. The counterclaim was, therefore, a compulsory one, and while "[t]he logical relationship test may be nebulous in certain applications" it was not in the present case. *Id.* Similarly, the Sixth Circuit has held where a claim and counterclaim present entirely different legal, factual, and evidentiary questions even if it arises out of the same transaction literally it is not logically related and therefore is a permissive counterclaim. *Maddox*, 736 F.2d at 383.

The first question the Court must consider, whether this counterclaim is a permissive or compulsory counterclaim, merits little discussion. Defendants have claimed in their complaint the right to setoff Plaintiff's claim with their own claim Plaintiff breached the contract for sale of melons. A claim for setoff differs from a claim for recoupment. "[A] right of recoupment arises from the same transaction or contract . . . whereas setoff is a broader term referring to any claim or

demand, however created." *National City Bank, Northwest v. Columbian Mut. Life Ins. Co.*, 282 F.3d 407, 409 (6th Cir. 2002). The settled rule, unsurprisingly, is that claims for setoff are permissive rather than compulsory counterclaims. *Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 336 (2nd Cir. 2005); *Matter of Gober*, 100 F.3d 1195, 1208 (5th Cir. 1996); *Coplay Cement Co., Inc. v. Willis & Paul Group*, 983 F.2d 1435, 1440 (7th Cir. 1993); *Moore's Federal Practice* § 13.31 (3rd ed. 2000).

However, there is a rule of equal longevity which provides claims for setoff are exceptions to the general rule that requires permissive counterclaims to have independent jurisdictional grounds. "Claims for defensive setoff for a liquidated or otherwise ascertained amount pleaded solely to diminish or reduce a judgment for the opposing party provide an exception to the rule that permissive counterclaims require an independent basis for jurisdiction." *Moore's Federal Practice* § 13.31 (3rd ed. 2000); *Lefkovitz v. Wagner*, 395 F.3d 773, 781-82 (7th Cir. 2005); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1422 n.8. (2nd ed. 1990 & Supp. 2008) (listing cases).

The setoff Defendants claim in this case is of a specific contractual amount. Therefore, Defendants have pleaded a claim for an ascertained or liquidated amount. Plaintiff disputes liability, but the claim, nonetheless, falls within the Court's subject matter jurisdiction.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion to dismiss Defendant's counterclaim (Court File No. 11) will be **DENIED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**